UNITED STATES DISTRICT COURT
DISTRICT OF ~~NEW YORK~~ CONNECTICUT

ARAB BANK (SWITZERLAND) LTD.,

      Plaintiff,
  -against-

SEA MASTER SHIPPING INC.,
  In Personam,

  and

M/V "SEA MASTER", her engines, rigging,
equipment and appurtenances, etc.
  In Rem,

        Defendants.

17 CV 469 (WWE)

IN ADMIRALTY

VERIFIED COMPLAINT

FILED
2017 MAR 22   AM 11 06
U.S. DISTRICT COURT
NEW HAVEN, CT.

Plaintiff, Arab Bank (Switzerland) Ltd. ("ARAB BANK"), as and for its Verified Complaint against Defendants Sea Master Shipping Inc. ("SEA MASTER SHIPPING") and the M/V "SEA MASTER" ("Vessel" or "M/V SEA MASTER"), by its attorneys, alleges as follows:

## Jurisdiction

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the maritime procedures specified in Rule 9(h), including Rules C and B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York

Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

### The Parties

2.      At all times material hereto, Plaintiff ARAB BANK was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Geneva, Switzerland, and the holders of the bills of lading for the cargo of corn further described herein.

3.      Defendant SEA MASTER SHIPPING is a business entity organized and existing under the laws of the Marshall Islands, with an address at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Republic of the Marshall Islands, MH 96960. SEA MASTER SHIPPING is the registered owner of the Defendant M/V SEA MASTER, which is now, or during the pendency of this action will be, within the jurisdiction of this Honorable Court.

4.      At the time of the cargo shipments giving rise to the maritime lien described herein, Sea Master Special Maritime Enterprise owned the M/V SEA MASTER.   Defendant's London attorneys have confirmed to Plaintiff that SEA MASTER SHIPPING is the assignee of all rights and obligations of Sea Master Special Maritime Enterprise in relation to the subject shipments described herein.

### Request for Rule C Relief

4.      On or about June 22, 2016, at the port of Rosario, Argentina, some 26,696.52 metric tons of corn in bulk, all in good order and condition, was loaded on board the defendant Vessel for carriage to and delivery at Casablanca, Morocco in consideration of an agreed freight and in accordance with the contracts of carriage.   The contacts of carriage for the corn cargo were thirteen (13) bills of lading, and incorporating a charterparty dated April 25, 2016.

5.      Plaintiff ARAB BANK, financed the purchase of the corn cargo, and therefore maintained possession of the original bills of lading; the loan made to acquire the cargo was to be repaid through the allocation of the sales proceeds to ARAB BANK.

6.      Thereafter, the defendant Vessel arrived at Morocco and delivered the cargo of corn to receivers.   Plaintiff ARAB BANK authorized delivery of corn carried three of the bills of lading, numbered 1, 2 and 8, upon receipt of payment for the 4,200 metric tons of cargo covered by those three bills.  However, the Vessel also delivered corn to receivers who did not possess original bills of lading, and therefore lacking title to the corn cargo.  ARAB BANK, who had nominated a protective agent, asked the protective agent to contact the Vessel owner and master of the Vessel requiring them not to deliver such cargo, carried under ten bills of lading, numbered 2, 3, 4, 6, 7, 9, 10, 11, 29 and 30, covering approximately 22,496.52 metric tons of corn.  The Vessel and its owner breached their obligation to properly deliver the cargo pursuant the bills of lading, causing loss to ARAB BANK.

7.      Plaintiff was at all times the owner of the documents of title, by virtue of a pledge agreement, to the above-described misdelivered corn.

8.      Apart from the nonpayment to ARAB BANK for the misdelivered corn, causing ARAB BANK to demand that the Vessel not deliver such corn, all conditions precedent required of ARAB BANK and of all others interested in the corn have performed.

9.      By reason of the premises, plaintiff has sustained damages with respect to the misdelivery of corn and has a maritime lien and *in rem* right against the defendant Vessel, after application of payments and credits, in the sum of $1,440,834, as nearly as same can now be estimated, no part of which has been paid.

10.     As a consequence of such nonpayment for said services, the Plaintiff has, under the general maritime laws of the United States and under U.S. statutes thereto pertaining, a maritime lien against the M/V "SEA MASTER".

11. Plaintiff is entitled to assert and foreclose a maritime lien on the M/V "SEA MASTER in the amount of $1,440,834.

12.     The contracts of carriage provide that disputes shall be arbitrated in London.

13.     This action is brought to obtain security in favor of Plaintiff ARAB BANK in respect to its claims against Defendants and in aid of London arbitration proceedings which have now commenced.

14.     Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrators' fees, disbursements and interest are recoverable as an element of Plaintiff's claim.

15.     This action is further brought to obtain security for the additional sums which are recoverable including Plaintiff's anticipated attorneys' and arbitrators' fees and costs in the London arbitration and interest, all of which are recoverable as part of Plaintiff's claim under English law.

16.     Plaintiff estimates, as nearly as can presently be computed, that the legal expenses and costs of prosecuting its claims in London arbitration are assessed at no less than $500,000, including any appeal of any arbitration award issued to the High Court.

17.     Interest anticipated to be awarded on the principal sums now due to Plaintiff is estimated to be $214,513 (calculated at the rate of 7% per annum compounded quarterly for a period of 2 years, the estimated time for completion of the proceedings in London).

18.     In all, the claim for which Plaintiff ARAB BANK sues in this action, as near as presently may be estimated, totals **$2,155,347.**

19.     This action is being brought, and the herein prayed for arrest is being sought and made, to obtain security for the above-described claim and damages, plus interest, costs and attorneys' fees, pursuant to Section 8 of the Federal Arbitration Act, 9 U.S.C. § 8, and Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

WHEREFORE, Plaintiff ARAB BANK prays that:

A.     The Clerk of the Court issue a warrant for the arrest and seizure of the M/V SEA MASTER, her engines, tackle and appurtenances,

B.     All persons claiming any right, title or interest in the Vessel be summoned to appear and answer under oath all and singular the matters aforesaid,

C.     Security be realized or posted for the above claims and damages in an agreed or judicially determined form in the amount of $2,155,347,

D.     If the above security is not realized or posted, the Vessel, her engines, tackle and appurtenances be condemned and sold with the proceeds thereof held by the Court as security for the above claims and damages,

E.     Subsequent to the realizing or posting of the security described above, the action be stayed, but this Honorable Court retain jurisdiction to enter its decree and/or final judgment in favor of the plaintiffs against the M/V SEA MASTER, her engines, tackle and appurtenances, on the outcome of and/or award in the above-referenced London arbitration, and

F.     Plaintiff has such other and further relief as in law and justice they may be entitled to receive.

## Alternative Request for Rule B Relief

IN THE ALTERNATIVE, in the event the relief requested hereinabove is not granted, plaintiff seeks security pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, as follows:

20.     Plaintiff ARAB BANK incorporates and repeats herein the allegations contained in paragraphs 1-19 above.

21.     Upon information and belief, and after investigation, the Defendant SEA MASTER SHIPPING cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that SEA MASTER SHIPPING has, or will shortly have, assets within this District comprising, *inter alia*, the vessel M/V SEA MASTER, or any other assets of, belonging to, due or being transferred to, from, or for the benefit of the said Defendant (collectively hereinafter, "ASSETS").

21.     The total amount to be attached pursuant to the calculations set forth above is $2,155,347.

WHEREFORE, the Plaintiff ARAB BANK prays in the alternative:

G.     That process in due form of law according to the practice of this Court may issue against Defendants, citing them to appear and answer the foregoing, failing which default may be taken,

H.     That if Defendants cannot be found within this District pursuant to Supplemental Rule B all tangible or intangible property of Defendants up to and including the sum of $2,155,347 be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-

6

charter hire, cargo and/or vessels, of, belonging to, due, held or being transferred to, from, or for the benefit of Defendants or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein,

       I.      That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to an order compelling the Defendants to arbitrate and/or for the recognition and enforcement of any award or judgment entered against the Defendants, or any of them, in the London arbitration proceedings; and

       J.      Plaintiff has such other and further relief as in law and justice they may be entitled to receive.

Dated: New York, New York
       March 22, 2017

                          MAVRONICOLAS P.C.
                          Attorneys for Plaintiff
                          Arab Bank (Switzerland) Ltd.

          By:

                          Anthony J. Mavronicolas
                          850 Canal St. 3rd Floor
                          Stamford, CT 06902
                          Tel: 203-314-4737
                          Fax:  866-774-9005
                          amavronicolas@mavrolaw.com

## ATTORNEY VERIFICATION

ANTHONY J. MAVRONICOLAS hereby affirms:

1.      I am an attorney with the law firm of Mavronicolas P.C., attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.      The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3.      The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

I declare under penalty of perjury that the foregoing is true and correct.   Executed on March 22, 2017.

Anthony J. Mavronicolas