132-17/PJG

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------x

ARAB BANK (SWITZERLAND) LTD.,
    Plaintiff,

- against -

SEA MASTER SHIPPING INC.,
    *In Personam*

and

M/V "SEA MASTER", her engines, rigging,
equipment and appurtenances, etc.
    *In Rem*

                  Defendants.
-----------------------------------------------------------------x

17 Civ. 469 (WWE)

**VERIFIED ANSWER WITH**
**COUNTERCLAIM**

      Defendant Sea Master Shipping Inc, ("Sea Master" or "Owner"), as claimant to the *in rem* defendant M/V SEA MASTER (the "Vessel") and as an *in personam* defendant (collectively "Defendants"), through their attorneys Freehill, Hogan & Mahar, LLP, responding to the Complaint of Plaintiff Arab Bank (Switzerland) Ltd. ( the "Bank"), allege as follows:

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

    4.    Admits that Sea Master is the present owner of the Vessel, and that the existence of an assignment between Sea Master Maritime Enterprises and Sea Master has been communicated via English counsel regarding the ownership of the vessel, but except as

464837.1

so admitted, denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Verified Complaint, and further ADMITS the allegations contained in the second Paragraph identified with the number "4 "of the Verified Complaint, with the exception that the contract of carriage consisted of the Charter Party and the Bills of Lading via the specific incorporation, and deny actual good order and condition of the cargo, this being beyond the vessel's/Owner's ability to determine at loading.

5. Admits that the Bank had possession and control of all the bills of lading issued in connection with all cargo loaded, and exercised control over all the cargo insofar as discharge and delivery is concerned, but except as so admitted, denies knowledge or information sufficient to form a belief with respect remaining allegations contained in paragraph 5 of the Complaint.

6. Admits that the vessel arrived at Morocco and there delivered the cargo of corn, but except as so admitted, denies the remaining allegations contained in paragraph 6 of the Complaint, and specifically denies that the Bank and/or any nominated protective agent communicated any instructions to the Owner, the Master and/or the Vessel not deliver the corn.

7. Admits that the Plaintiff Bank was at all times material hereto the holder of and in possession of the bills of lading as documents of title for all cargo loaded onboard the vessel, but except as so admitted, denies the remaining allegations in paragraph 7 of the Complaint.

8. Admits full performance on the part of the Owner and the Vessel of all obligations with respect to the delivery of the cargoes laden on board the vessel so as to

entitle them to payment of all outstanding sums due, but except as so admitted, denies the allegations contained in paragraph 8 of the Complaint.

9. Admits nonpayment, but except as so admitted, denies the remaining allegations in paragraph 9 of the Complaint.

10. Denies the allegations contained in paragraph 10 of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint.

12. Admits that the terms of the applicable contract of carriage (i.e. the Charter Party and the Bs/L) provides for the adjudication of all claims and disputes arising under or in connection therewith in London arbitration.

13. To the extent the allegations in paragraph 13 constitute statements of intent, no response is required, but to the extent a response is required, Defendants acknowledge the commencement of London arbitration proceedings but otherwise deny knowledge or information sufficient to form a belief with respect to the plaintiff Bank's intentions.

14. Admitted.

15. To the extent the allegations in paragraph 15 constitute statements of intent, no response is required, but to the extent a response is required, Defendants acknowledge the commencement of London arbitration proceedings but otherwise deny knowledge or information sufficient to form a belief with respect to the plaintiff Bank's intentions.

16. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph 18 of the Complaint.

19. To the extent the allegations in paragraph 19 constitute statements of intent, no response is required, but to the extent a response is required, Defendants deny knowledge or information sufficient to form a belief with respect to the plaintiff Bank's intentions.

20. Defendants repeat and re-allege each and every admission, denial and denial for lack of knowledge or information sufficient to form a belief as appear in paragraphs 1-19 above with the same force and effect as if set forth herein at length.

21. Deny the allegations contained in the two paragraphs each identified as paragraph 21 of the Complaint.

**FURTHER ANSWERING THE COMPLAINT, AND AS AND FOR SEPARATE, PARTIAL AND / OR COMPLETE DEFENSES THERETO, DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF AS FOLLOWS:**

22. The Complaint fails to state a cause of action upon which relief may be granted.

23. Plaintiff has failed and/or improperly and/or insufficiently served process upon Defendants.

24. This forum is improper because the claims asserted by Plaintiff are properly to be resolved in London arbitration as agreed between Plaintiff and Defendant.

25. Plaintiff's claims are overstated and the level of security sought should be reduced or vacated.

**AS AND FOR ITS COUNTERCLAIM AGAINST PLAINTIFF,**

**DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF AS FOLLOWS:**

26. Pursuant to a contract of charter party dated April 25, 2016 (the "Charter"), the entire cargo carrying capacity of the Vessel was chartered for the carriage of grains from South America to ports in the Mediterranean.

27. Subsequent to loading in South America, bills of lading were issued reflecting the total cargo loaded, which bills incorporated the Charter (hereinafter collectively the "Contracts"), and provided for arbitration of disputes arising under or in connection therewith.

28. The performance contemplated by the Contracts envisioned transport and subsequent prompt commercial discharge of the cargo at the agreed discharge ports.

29. The Bank was the holder of the bills of lading and exercised measurable control and discretion over the decisions with respect to where and to whom the cargo would be discharged, where the vessel would transit, where and how long the vessel would be used (without contractual authority) as floating storage, and ultimately profited from the sale of the cargo carried and stored by the Defendants.

30. As holders and owners of the bills, and having exercised control and direction with respect to the movements of the vessel, as aforesaid, the Bank is liable to the Defendants under contractual, quasi-contractual and tort theories for the damages, costs and expenses incurred by the Defendants in transporting, housing, storing and eventually delivering the cargo at the behest and direction, and for the benefit of the Bank.

31. The contractually agreed charges and/or the reasonably commercial value for

the services rendered and/or the damages suffered as a consequence of the Bank's actions and/or lack of action, amounts to $1,496,985.24 (*see* Ex. 4 to the Marinakis' Declaration, Owner's Freight and Demurrage statement, incorporated herein by reference) and $527,997.44 in related charges and costs (*see* Ex. 5 to the Marinakis' Declaration, Owner's Costs and Expenses calculation, incorporated herein by reference), on which Defendants are entitled to countersecurity pursuant to Rule E, together with interest calculated at 7%, compounded quarterly for two years, amounting to $267,464, and attorneys fees, costs an arbitrator fees (estimated at $500,000 and which are recoverable under English law as an element of a counterclaim), for a total of $2,792,446.68.

32. Defendants reserve all rights to arbitrate the substantive aspects of the counterclaim in London arbitration.

33. Defendants herein seeks an order directing the Bank to immediately post counter-security for its counterclaims in the London arbitration in the sum of $$2,792,446.68.

W H E R E F O R E, Defendants pray:

(i) that Judgment be entered on its counterclaim in the form of an order directing the Bank to post countersecurity in the sum of $ $2,792,446.68;

(ii) that Defendants be awarded all costs, expenses and attorneys' fees incurred in connection with this action;

(iii) that the arrest and any security posted in order to secure the release of the vessel be vacated if the counter-security is not posted and maintained; and

(iv) that this Court retain jurisdiction to enforce and action or award(s) as may be

entered in the London proceedings, and grant such other, further and different relief as may be just and proper in the premises.

Dated: New York, New York
      March 27, 2017

                                    FREEHILL, HOGAN & MAHAR LLP
                                    Attorneys for Defendants

                                    By: _____
                                        Peter J. Gutowski
                                        *gutowski@freehill.com*
                                        Thomas M. Canevari, Esq.
                                        *canevari@freehill.com*
                                        80 Pine Street, 24th Floor
                                        New York, NY 10005-1759
                                        (212) 425-1900 (T)
                                        (212-425-1901 (F)

                                        *Local office:*
                                        246 Margherita Lawn
                                        Startford, CT. 06615
                                        (203) 921-1913

TO:    MAVRONICOLAS P.C.
        Attorneys for Plaintiff
        850- Canal St. 3rd. Floor
        Stamford, CT. 06902
        Tel: 203 314-4737
        Fax: 866-744-9005
        Attn:   Anthony J. Mavronicolas, Esq.
                 Peter Dee, Esq.

# ATTORNEY VERIFICATION

STATE OF NEW YORK )
 )ss.:
COUNTY OF NEW YORK )

Peter J. Gutowski, being duly sworn, deposes and says:

1. I am the attorney for the Defendants in the instant action.

2. I have read the foregoing Answer and Counterclaim and the same is true as to my knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

3. The grounds of my belief as to all matters herein stated are information and belief are derived from conversations with Defendants' representatives, agents and counsel, and from a review of correspondence and documents relative to this matter as set forth therein.

_____
Peter J. Gutowski

Sworn to before me this
27th day of March 2017

_____
Notary Public

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Commission Expires October 31, 2017