## ARAB BANK (SWITZERLAND) LTD.

GENERAL PLEDGE AND ASSIGNMENT BY ACCOUNT HOLDER

Client No.: **7/o 5co**

The undersigned (hereinafter the "**Account Holder**") and

**Arab Bank (Switzerland) Ltd.** (hereinafter the "**Bank**") hereby agree on the following:

**1    PLEDGED AND ASSIGNED ASSETS**
1.1    The Account Holder herewith pledges and assigns to the Bank the following assets (the "**Pledged Assets**"):
a.    all and any securities, non-securitized rights, in particular book-entry securities and other fungible pecuniary or membership rights, rights not evidenced by certificates, securities for which the issue of certificates is deferred, and all other assets, receivables, claims or rights of the Account Holder which at present or in the future are held with or managed by the Bank or are held elsewhere under the Bank's name but for the Account Holder's account; and
b.    all claims or rights of the Account Holder over goods financed by the Bank and all rights arising from the documents of title to such goods (bills of lading, warehouse receipts etc.) as well as from contracts for the purchase, sale, transport or storage of such goods, together with all insurance policies; and
c.    all goods financed by the Bank and stored, or to be stored, in any location whatsoever and wherever; and
d.    all of the Account Holder's outstanding claims and rights against the Bank.
1.2    In particular, the Account Holder hereby also pledges and assigns to the Bank all assets held with or by the Bank and all of his claims deriving from accounts in Swiss and foreign currencies, as well as those in fiduciary investments made through the Bank for his account and including all current, accrued and future interest.

**2    SCOPE**
The pledge and assignment includes all lapsed, current and future ancillary rights, such as interest, dividend payments and subscription rights. Securities which are not in bearer form are herewith pledged to the Bank in accordance with art. 901 para. 2 of the Swiss Civil Code. In the case of pledged title to real estate, in particular mortgage notes, the pledge and assignment covers the current annual interest and the annual accrued interest since the title's date of issue in accordance with art. 818 of the Swiss Civil Code. The interest shall be charged at 5% p.a., unless a higher maximum interest level is specified, in which case the latter takes precedence. In the case of securities and other rights held or deposited in the Bank's name with third parties, the pledge and assignment includes any rights to recovery of possession of such assets.

**3    PURPOSE OF PLEDGE AND ASSIGNMENT**
3.1    The purpose of this pledge and assignment is to **secure any claims** which the Bank has or may have in the future against the Account Holder as a result of any contracts or agreements entered into, now or in the future, with the Account Holder in whatever capacity, or as a result of any financing commitment made available or on any other legal basis. The claims to be secured include accrued and maturing interest, commissions as well as any other legal or non-legal expenses and costs associated therewith or with the disposal of the Pledged Assets or other claims. Where more than one claim exists, the Bank is entitled to determine at its discretion the claim for which the Pledged Assets or the liquidation proceeds shall be credited.
3.2    The Bank is entitled to dispose of the Pledged Assets in its own name and for its own account, namely to further pledge the Pledged Assets or to use them for securities lending or borrowing.

**4    TERM**
The pledge granted and the assignment made herewith is in addition to and independent of any existing or future other collateral and remains in force until the account relationship has ended or until all obligations of the Account Holder with respect to the Bank have been fulfilled in their entirety, whatever occurs later.

**5    INSURANCE**
Where titles to real estate, commercial papers, negotiable instruments, goods, or securities issued on the basis of goods or chattel are pledged and assigned to the Bank, the Account Holder is liable for the full insurance of the Pledged Assets. The Account Holder hereby assigns to the Bank all insurance and other private or public law claims, including expropriation claims, accruing to him with respect to the aforementioned items, and the Account Holder empowers the Bank to give the necessary notices and to collect such proceeds or indemnification and to issue on behalf of the Account Holder.

**6    ADMINISTRATION**
6.1    To the extent possible, the Pledged Assets shall be deposited and managed in accordance with the Bank's General Terms and Conditions for Custody Accounts, as amended by the Bank from time to time. The Account Holder is responsible for making the necessary arrangements to maintain the existence and the value of the Pledged Assets. At its discretion, the Bank is entitled, but not obliged, to take any precautions and measures for the account and at the expense and risk of the Account Holder. The Bank is entitled in Switzerland and abroad to perform any actions and provide any declarations necessary for procuring, maintaining and liquidating the Pledged Assets. The Bank is entitled to take possession at any time of Pledged Assets deposited with third persons and to call in mortgages, collect debts and recover claims.
6.2    The composition of the Pledged Assets can only be changed with the prior agreement of the Bank. In the event that certain of the Pledged Assets are exchanged or converted, the new items shall be subject to this pledge and assignment without further formalities. All asset categories are subject to this pledge and assignment, even if their value is increased through additional payments or for any other reason.
6.3    In case of pledged titles to real estate and of other pledged or assigned claims on real property, the Account Holder shall undertake all necessary measures, such as applications, giving notice, amortization, etc. to maintain the rights deriving from the Pledged Assets. The Account Holder releases the Bank of any responsibility in this regard.



**ARAB BANK (SWITZERLAND) LTD.**

GENERAL PLEDGE AND ASSIGNMENT BY ACCOUNT HOLDER

**7  ENFORCEMENT**

7.1  The Bank is entitled to call upon the Account Holder to provide additional Pledged Assets if the value of the pledged and assigned items decreases, or if their value is no longer satisfactory, in the Bank's free opinion, to cover the Bank's claims. Should the Account Holder not comply with this demand within the period stipulated by the Bank, or when its claims fall due, the Bank is herewith entitled, but not obliged, to freely dispose of all or part of the Pledged Assets by private sale at its discretion and without any formalities, and to apply the proceeds thereof to cover its claims after deduction of any expenses incurred. Both in private and public sales the Bank is entitled to acquire the Pledged Assets in its own name and for its own account. To the extent possible under the applicable laws the Bank is not obliged to notify the Account Holder of the liquidation of the Pledged Assets.

7.2  Moreover, the Bank may, at its free discretion, also satisfy its claims by setting off such claims against the Account Holder's claims on the Bank. For this purpose, the Bank may convert any assets denominated in foreign currencies into Swiss francs without any formalities. The Bank decides at its unrestricted discretion whether to exercise its right to liquidate the Pledged Assets and to set off claims. Should the Bank decide not to exercise this right, it may not be held liable.

7.3  The Account Holder undertakes to cooperate with the Bank to transfer the Pledged Assets to a new buyer and herewith empowers the Bank to do so on behalf of the Account Holder.

7.4  The Bank is entitled to institute ordinary debt collection proceedings against the Account Holder without having first to liquidate the Pledged Assets by forced execution or by free sale. In doing so, the Bank does not waive any of its rights under the pledge and assignment. Pledged registered securities are hereby assigned blank to the Bank in the event that it should become necessary to dispose of them.

7.5  If bankruptcy, composition, receivership or similar proceedings (in or out of court) are being instituted against the Account Holder, the Bank may at its free discretion choose, e.g. to immediately liquidate the Pledged Assets and set the proceeds off with the Bank's claims against the Account Holder, or to set the proceeds off against its residual claims after the completion of such proceedings. Alternatively, the Bank may also defer liquidation of the Pledged Assets and setting off of the proceeds until the completion of the proceedings.

7.6  The Bank reserves its right to liquidate book-entry securities, which the Bank has disposed of, in its own name and for its own account instead of returning them.

**8  MISCELLANEOUS**

8.1  The Bank is entitled but not obliged, to exercise all rights of the Account Holder with respect of the Pledged Assets. In particular, the Bank has the right to directly terminate and collect in its own name any claims deriving from the Pledged Assets or from the title thereto. Should the Bank choose not to exercise these rights, the Bank does not waive its claims, but explicitly reserves the right to exercise these rights at its discretion at some later point in time. In particular, the Bank has the right to directly collect the capital, interest and other proceeds of the mortgages, and to enforce the claims for rent as referred to in art. 806 of the Swiss Civil Code as if the Bank were the actual owner of the title. In the case of sale or division of the Pledged Assets, the rights which accrue to the creditor under Articles 833 and 852 of the Swiss Civil Code shall be solely vested in the Bank for the duration of the pledge. By signing this deed of pledge, the Account Holder agrees to forward any notices in this context which come to his attention without delay to the Bank and to accept the Bank's decisions. Noncompliance shall result in the immediate call for repayment of the claims.

8.2  All authority and powers of attorney granted by the Account Holder to the Bank shall, in the Bank's interest, be deemed to have been granted irrevocably and do therefore not expire on the Account Holder's death, nor upon occurrence of any of the grounds specified in art. 35 of the Swiss Code of Obligations.

8.3  The Bank is not obliged to honour an instruction of the Account Holder regarding the disposal of Pledged Assets.

8.4  The Bank has the right to inform a third party of its priority rights in the Pledged Assets, if Pledged Assets shall be pledged or assigned by the Account Holder to a third party.

8.5  Any notice to the Account Holder shall be deemed to be valid if it has been sent to the most recent address known to the Bank or if deposited in compliance with a hold-mail agreement entered into with the Account Holder.

8.6  The Bank's "**General Terms and Conditions**" and the "**General Terms and Conditions for Custody Accounts**" also apply. The Account Holder confirms that he has received a copy of the "General Terms and Conditions" and the "General Terms and Conditions for Custody Accounts", is acquainted with their contents and acknowledges them as binding. In the event of an inconsistency between this document and the provisions of the "General Terms and Conditions" and the "General Terms and Conditions for Custody Accounts" this document shall prevail.

8.7  All legal relations between the Bank and the Account Holder shall be exclusively governed by the substantive **laws of Switzerland**. The Convention of 5 July 2006 on the Law Applicable to Certain Rights in Respect of Securities held with an Intermediary is herewith expressly referred to.

8.8  The place of performance, the exclusive place of jurisdiction for all proceedings as well as the place of debt collection proceedings, the latter for an Account Holder with residence or domicile abroad only, shall be **Geneva, Switzerland** or the place of the Swiss branch office of the Bank. The Bank reserves the right to take legal action against the Account Holder or his Attorney before any competent court having jurisdiction.

1 2 SEP 2012

Date
Company stamp if applicable

Account Holder(s)

Client-No.: ...........................

Portfolio No.: 10.710500.0

Document Type: D16

Document Date: 01.10.2012

Date/initials: 02.10.6.12

