UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARAB BANK (SWITZERLAND) LTD., <br><br> Plaintiff, <br><br> -against- <br><br> SEA MASTER SHIPPING INC., <br>   In Personam, <br><br> and <br><br> M/V "SEA MASTER", her engines, rigging, equipment and appurtenances, etc. <br>   In Rem, <br><br> Defendants. | 3:17-CV-469 (VLB) |

## JOINT MOTION TO FILE EXHIBITS UNDER SEAL

In further support of Defendants Sea Master Shipping, Inc. ("Owners"), and M/V SEA MASTER and Plaintiff Arab Bank (Switzerland) Ltd.'s (the "Bank" or "Plaintiff") joint response to the Court's Order to Show Cause, the Parties submit the following motion seeking permission to file confidential arbitration awards under seal for the Court's consideration.

### BACKGROUND

This matter was commenced with an *in rem* proceeding in which Plaintiff Arab Bank arrested the vessel Sea Master and which resulted in the posting of security and counter security for the claims that Arab Bank was bringing against the Owners and the claims which the Owners were bringing against the Bank.

The security posted by the parties included a Letter of Undertaking (posted by the P&I underwriters for the Owners of the vessel) and a cash deposit posted with counsel for the Bank. The agreement regarding the cash deposit was memorialized in a certain Escrow Agreement (a copy of which is attached as Exhibit 1) and which provided, *inter alia*, that any disputes with respect to the cash security deposit would be subject to the jurisdiction of this Court.

While the security and counter-security were held in escrow, the parties engaged in London arbitration and proceedings before London courts, which resulted in several written decisions delving into the parties' confidential trade practices, pricing, and liabilities.

Petitioners recognize that there is a presumption in favor of public access to some court filings. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006). However, certain considerations, such as the need to protect sensitive, confidential, and/or proprietary business information may outweigh the presumption favoring public access. *See Hesse v. Sungard Sys. Int'l*, 2013 U.S. Dist. LEXIS 7289, at *6 (S.D.N.Y. Jan. 14, 2013) (continuing order to seal exhibits attached to complaint which included, *inter alia*, company billing rates and project pricing); *Encyclopedia Brown Prods. v. Home Box Office*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998) (explaining that potential damage from release of trade secrets is a legitimate basis for sealing documents and restricting public access during trial); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp.2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal exhibits that "contain highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

Here, the Parties' agreement to arbitrate their dispute ensured confidentiality. Balanced against public access are the parties' privacy interests in this contracted for confidentiality and the federal policy promoting arbitration. Insofar as the London proceedings are concerned, there are four separate awards as well as a separate High Court action, and copies of the awards/decisions are subject to these confidentially requirements.

It is well established under English law that London arbitration proceedings are cloaked by confidentiality obligations. As explained in *Oxford Shipping Company Ltd. v. Nippon Yusen Kaisha (1984) 2 Lloyd's Rep 373, 379*: "The concept of private arbitrations derives simply from the fact that the parties have agreed to submit to arbitration particular disputes arising between them and only between them. It is implicit in this that strangers shall be excluded from the hearing and conduct of the arbitration." As explained in yet another English decision addressing confidentiality in London arbitration proceedings, the parties to an arbitration are entitled to assume that their hearing will be in private and this assumption arises from "a practice which has been universal in London for hundreds of years."  *Hassneh Insurance Co. v. Mew (1993) 2 Llyod's Rep 243, 246*. Addressing the confidentiality in London arbitrations, the English Court of Appeals further identified the obligation of confidentiality in arbitration as an implied term of the parties' arbitration agreements that attaches as a matter of law as an essential corollary to the privacy of arbitrations. *Ali Shipping Corporation v. Shipyard Trogir (1998)1 Lloyds Rep 643 (CA) 651*. Finally, the rationale underlying this confidentiality obligation in the London arbitration process has been identified in one of the leading treatises on London arbitration as grounded in the participants interests in not having their disputes disclosed

to competitors, clients or the public at large. *London Maritime Arbitration, Chapter 13 (4th Edition, London, 2017).*

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court grant the parties motion to file exhibits under seal, and for all such further relief to which the Parties may be entitled.

Stratford, Connecticut
May 28, 2021

                              Respectfully Submitted,

                By:   /s/ Peter J. Gutowski_____
                      Peter J. Gutowski
                      Thomas M. Canevari
                      FREEHILL HOGAN & MAHAR LLP
                      246 Margherita Lane
                      Stratford, CT 06615
                      Tel: 203-314-4737
                      Fax:  866-774-9005
                      gutowski@freehill.com

## CERTIFICATE OF SERVICE

  I hearby certify that on May 28, 2021, I cause the foregoing to be filed on the Court's CM/ECF system for electronic service on all counsel of record in this action.

                /s/ Peter J. Gutowski_____
                Peter J. Gutowski